UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § § § | |
| v. § | CRIM. ACTION NO. SA-21-CR-84-XR |
| MARK JOSEPH UHLENBROCK, § § | |
| *Defendant.* § § | |

## ORDER

On this day came on to be considered Defendant's Motion for Judgment of Acquittal (Dkt. No. 80). The motion is denied.

### BACKGROUND

Uhlenbrock was charged in an indictment with internet stalking in violation of 18 U.S.C. § 2261A(2)(B). The background of this case was previously set forth in the Order denying Defendant's motion to dismiss the indictment. *See* Dkt. No. 32. On May 16, 2023, a jury found the Defendant guilty. At the close of evidence in the case, the Defendant made a verbal motion for acquittal, which the Court denied on the record. He now has filed this motion, arguing that as a matter of law, there was insufficient evidence of emotional distress and intent.

**18 U.S.C. §2261A**

Title 18, United States Code, Section 2261A makes it a crime to use the mail or any facility in interstate commerce, including interactive computer services or electronic communication services or systems, with the intent to stalk another person.

To find a defendant guilty of this crime, the government must prove each of the following beyond a reasonable doubt: First: That the defendant used the mail, any interactive computer

1

service or electronic communication service or electronic communication system of interstate commerce, or any other facility of interstate or foreign commerce; Second: That the defendant did so with the intent to kill, injure, harass, intimidate, or place under surveillance with intent to kill, injure, harass, or intimidate another person; and Third: That through the use of the mail, computer interactive service, electronic communication service or system or other facility of interstate or foreign commerce, the defendant engaged in a course of conduct that caused, attempted to cause or would be reasonably expected to cause substantial emotional distress to that person.

**Federal Rule of Criminal Procedure 29**

"The jury's verdict will be affirmed 'if a reasonable trier of fact could conclude from the evidence that the elements of the offense were established beyond a reasonable doubt.' In assessing evidentiary sufficiency, [courts] do 'not evaluate the weight of the evidence or the credibility of the witnesses, but view the evidence in the light most favorable to the verdict, drawing all reasonable inferences to support the verdict.'" *United States v. Seekins*, No. 21-10556, 2022 WL 3644185, at *1 (5th Cir. Aug. 24, 2022) (internal citations omitted).

## ANALYSIS

The evidence before the jury in this case established that the Defendant's posting of sexual images of victim Y.T. on social media sites was a continuation of such behavior he has engaged in since 2006. The jury had before it a 2016 plea agreement that the Defendant entered, where the Defendant admitted that Y.T. filed several civil suits against him to get the Defendant to stop his actions. When the Defendant pled guilty to a 2016 indictment charging him with the internet stalking of Y.T., he admitted in the factual basis of his plea agreement to his acts, to the number of civil lawsuits that he agreed to pay Y.T. for her emotional damages suffered, to the number of times he agreed to injunctive relief where he agreed not to post any more sexual images of Y.T.,

and, of significance to this motion, that his "course of conduct caused Y.T. substantial emotional distress." Gov. Ex. 10, at p. 4 (2016 plea agreement). Along with this evidence, the jury had before it the testimony of Y.T., as well as the social media posts.

There was extensive evidence of intent and "substantial emotional distress" before the jury to find the Defendant guilty. Indeed, the jury returned with its verdict in less than 20 minutes. With intent, the Defendant published the various posts and images, has been doing so for years, and has been doing so knowing that he is causing Y.T. substantial emotional distress. The motion is **DENIED**.

It is so **ORDERED**.

**SIGNED** this June 13, 2023.

                                              XAVIER RODRIGUEZ
                                              UNITED STATES DISTRICT JUDGE